IN THE OREGON TAX COURT
MAGISTRATE DIVISION

12 APR -6 AM 7: 56

MARILYN J. MCALEXANDER, )
)
Plaintiff, ) TC-MD 111129D
)
v. )
)
LANE COUNTY ASSESSOR, )
)
Defendant, )
)
and )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant-Intervenor. ) **DECISION**

ENTERED

APR 06 2012

Plaintiff appeals Defendant-Intervenor's Notice of Account Inactivation, dated

September 26, 2011, stating that it was inactivating Plaintiff's account because "the real market

value of [her] property exceeds the limit for [her] county[,]" resulting in disqualification from

Plaintiff's continued eligibility for the Senior and Disabled Property Tax Deferral program.

In its Answer, filed January 18, 2012, Defendant-Intervenor stated:

"The 2011 Legislature passed HB 2543, which changed the eligibility criteria for
property tax deferral. One of the changes limits the value of the home eligible for
deferral based on a formula that takes into account the median county RMV [real
market value] and the number of years the taxpayer has owned and lived on the
property. This amendment to ORS 311.670(2) includes the following provision:

"'**Notwithstanding subsection (1) of this section, a homestead is not eligible
for deferral under ORS 311.666 to 311.701 if the real market value of the
homestead entered on the last certified assessment and tax roll is equal to or
greater than. . .**

"* * * * [*]

/ / /

DECISION TC-MD 111129D                                                          1

> "(a) 100 percent of the county median RMV if, as of April 15 of the year in which a claim is filed, the taxpayers have continuously owned and lived in the homestead for at least five years but less than seven years.'
>
> "ORS 311.666(1) was amended to define 'County Median RMV' as:
>
> "'...the median real market value entered on the last certified assessment and tax roll for all residential improved properties in the county in which the [] homestead is located.'
>
> "Each county provided the Department of Revenue their 'County median RMV' as listed on the 2010 Assessment & Tax Roll, which was the **last certified assessment and tax roll** at the time application/recertification.
>
> "Plaintiff's home is located in Lane County. Lane County's median RMV for 2010 is $193,008. Since plaintiff certified she has owned and lived in the home for 6 years, the value of the home is limited to $193,008 (100% of $193,008). The RMV of the home, as listed on the 2010 tax roll, was $295,602."
>
> "This inactivation is for the year 2010 forward and does not affect the status of previously deferred tax amounts."

(Def-Int's Ans at 1-2) (emphasis in original).

In the requested relief section of her Complaint, Plaintiff wrote: "What is the value? Enclosed copies of value in my area." Plaintiff's "enclosed copies" were for sale listings of various homes, ranging in price from $215,000 to $320,000. None of the listing prices were equal to or less than Lane County's median real market value of $193,008. None of the individual property listings were adjusted to the January 1, 2010, assessment date or for other differences such as gross living area, number of bedrooms and bathrooms, location, lot size and other amenities, between Plaintiff's property and the properties listed for sale. The court has no evidence that the properties listed for sale are comparable to the subject property. Because Plaintiff failed to submit any evidence that her property, as of January 1, 2010, had a real market value equal to or less than Lane County's median real market value of $193,008, Plaintiff's appeal is denied. Now, therefore,

///

DECISION TC-MD 111129D

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of April 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on April 6, 2012. The Court filed and entered this document on April 6, 2012.*